## Thomas Flynn v. The People of the State of Illinois.

1. GAMBLING PURPOSES—*what essential to conviction for leasing premises for.* Before a conviction can be had for leasing premises for use for gambling purposes, it is necessary to prove beyond a reasonable doubt that at the time of the execution of such lease by the landlord, such landlord had actual knowledge that the premises leased were to be used for gambling purposes.

Criminal prosecution under gambling statutes. Error to the City Court of Mattoon; the Hon. LAPSLEY C. HENLEY, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed December 22, 1905.

EDWARD C. and JAMES W. CRAIG, Jr., for plaintiff in error; BRYAN H. TIVNEN, of counsel.

W. H. STEAD, Attorney General, and JOHN McNUTT, Jr., State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Plaintiff in error was indicted for an alleged violation of sections 127, 128 and 268 of the Criminal Code. The indictment originally contained fourteen counts. The court sustained a motion to quash as to five counts, and upon the trial, at the close of all the evidence, instructed the jury to return a verdict of not guilty as to five others. The case was thereupon submitted to the jury upon the seventh count which charged that the defendant "did unlawfully, then and there knowingly rent and permit a certain house or building to be used as a gaming house;" the eighth count, which charged the same as to certain rooms; the ninth, which charged that the defendant "did unlawfully and knowingly rent a building * * * in the said city to be then and there used for the purpose of keeping then and there a common gaming house;" and the fourteenth, which charged that he "did unlawfully and knowingly rent and permit certain rooms in a building * * * in said city, to be used as a common gaming house." The jury found the defendant guilty on the ninth count, but failed to return a verdict as to the remaining counts, which was equivalent to an acquittal under the same. Thomas v. People, 113 Ill. 531.

Motions for a new trial and in arrest of judgment were interposed and overruled; whereupon the court entered judgment upon the verdict and assessed a fine against the defendant of $100 and costs. This writ of error is prosecuted to review said judgment. The evidence shows that plaintiff in error was, prior to July 1, 1904, and at the time of his indictment, the owner of a two-story building in the city of Mattoon. On or about that date he leased the same to George Reisch, a brewer, of Springfield, Illinois, for the

term of three years, for saloon purposes. Reisch immediately sublet the building to one Dougherty, who occupied it until October, 1904, after which date Reisch sublet it to one Graham. During the following November, and again in February or March, 1905, the city marshal notified plaintiff in error that gambling was being carried on in a room in the second story of the building. Plaintiff in error claims that in each instance he at once notified Reisch, through his agent, that such gambling must be stopped. The proof shows that such gambling was continued thereafter, and on March 16, 1905, the present indictment was returned.

While there is evidence in the record tending to substantiate the allegations of the counts which charged that the defendant knowingly permitted the premises, or a part thereof, to be used as a gaming house, the proof that he knowingly rented the same to be used for that purpose is scant.

Section 127 of chapter 38 of the Statutes upon which the ninth count was predicated, provides that "Whoever keeps a gaming house, or in any building, booth, yard, garden, boat or float by him, or his agent used and occupied, procures or permits any persons to frequent, or to come together to play for money or other valuable thing at any game, or *knowingly rents any such place for such purposes,* shall upon conviction for the first offense be fined not less than $100," etc.

It is manifest that before a conviction could be had under said count it was necessary for the prosecution to prove beyond a reasonable doubt that at the time of the execution of the lease to Reisch, the defendant had actual knowledge that the premises leased were to be used for gambling purposes, and were leased by the said Reisch for that purpose. Ryan v. Potwin, 60 App. 637; Harris v. McDonald, 79 App. 638; McDonald v. Tree, 69 App. 134; Frank v. McDonald, 86 App. 346.

The sixth instruction, given at the request of the People, authorizes a conviction under the ninth count upon proof

VOL. CXXIII 38

that the defendant suffered or permitted another person to keep a room or tables, etc., for the purpose of gambling. The ninth and twentieth instructions, also given for the People, authorize a conviction under the same count, upon proof that the defendant "knew or could have known by the exercise of such care as an ordinarily prudent man under the same or similar circumstances would have used in and about the renting, repair and control of his buildings," that his building was being used for gambling purposes. These instructions are palpably bad, especially so in their application to the ninth count which, it will be seen, is based solely upon the alleged renting of the premises with knowledge on the part of defendant that the same were to be used for gambling purposes. They are further erroneous in that they assume that, in cases of this character, constructive notice as to the purpose for which premises are to be used is sufficient to warrant a conviction, whereas actual knowledge or notice must be shown. While it is not necessary that direct and positive proof of knowledge on the part of the defendant shall be made, and that such knowledge may be inferred from the surrounding facts and circumstances, it is nevertheless essential to warrant a conviction that he shall have had actual knowledge of the purpose for which the premises were to be used, at the time of the leasing. Inasmuch as the remainder of the instructions given for the People refer and apply solely to the counts upon which no verdict was returned, it is unnecessary to discuss either them or the evidence which tends to support them.

Because of the errors indicated, which were clearly prejudicial, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*